**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**Robert A. CARRACO, Respondent.**

**No. 93–SC–992–KB.**

Supreme Court of Kentucky.

Feb. 24, 1994.

Scott D. Majors, Kentucky Bar Ass'n, Frankfort, for movant.

Robert A. Carraco, Bowling Green, pro se.

*OPINION AND ORDER ADOPTING THE RECOMMENDATION OF THE BOARD OF GOVERNORS FOR DISBARMENT*

The Kentucky Bar Association has recommended that Respondent be disbarred. Respondent, Robert A. Carraco, has been charged with four counts of violations under SCR 3.130, *et seq.* The complaint of Robert W. Betz was received by the Kentucky Bar Association on March 23, 1993. On the same day the KBA mailed respondent a letter describing the charges, advising him of the complaint procedures and inviting his response. No response was received despite proof that respondent had received the letter. On April 14, 1993, another letter was sent advising respondent that failure to respond would result in the Board accepting the allegations as true and respondent was offered another chance to respond. Again, no response was ever received. On September 10, 1993, this matter was considered as a default case under SCR 3.210(1).

In the underlying proceeding, Robert W. Betz retained the respondent to represent him in a divorce matter. The issue of child support beyond age eighteen was discussed by Betz and respondent. Respondent promised to advise Betz as to whether he was obligated to pay child support beyond age eighteen in consideration of a child's school status. Apparently, respondent failed to provide Betz with the requested information. SCR 3.130–1.4(a). Betz paid all child support due through the subject child's eighteenth birthday. However, Betz was unaware, because the respondent failed to advise him otherwise, that Kentucky requires

the obligated parent to continue child support until the child's nineteenth birthday or through high school graduation, whichever occurs earlier.

A motion for contempt was filed against Betz. January 13, 1993, this motion was rescheduled for February 5, 1993. In each of these instances, Respondent was noticed, but failed to advise Betz of the proceedings. SCR 3.130–1.3. Betz was subsequently found in contempt and ordered to pay the required support no later than March 1, 1993. Betz learned of his predicament on March 12, 1993, through one of his other children during a mealtime conversation.

Perhaps the most serious of respondent's violations are as follows. Upon learning of the contempt order, Betz called respondent. Respondent advised that he too was surprised by the contempt order and had only by coincidence been present in court when the contempt sanction was imposed. A video-tape of the proceeding reveals that respondent Carraco was not in the courtroom by coincidence, but that he misrepresented to the court that his client had been notified and had failed to respond. SCR 3.130–3.3(a)(1). Likewise, respondent advised Betz that he would send him a letter regarding the situation, however, no letters from respondent to Betz substantiate his claim that he informed his client. Moreover, there is no correspondence or pleadings which indicate that Carraco's representation to the court that his client had been notified of the contempt proceedings is true. SCR 3.130–8.3(c).

The Board of Governors found that respondent was admitted to the practice of law on October 1, 1977. Prior discipline included private admonitions issued on August 4, 1983 and November 13, 1992. Furthermore, respondent was suspended from practice for one year on September 25, 1985. The Board then voted on the issue of punishment. There were eleven (11) votes to disbar and three (3) votes to suspend for three (3) years.

Neither the Kentucky Bar Association nor the Respondent has requested review of this matter. As such, and it otherwise appearing that the evidence supports the findings and recommendation of the Kentucky Bar Association,

IT IS THEREFORE ORDERED:

That the respondent, Robert A. Carraco, be, and he is hereby disbarred and shall not file an application for reinstatement for a period of five (5) years from the date of entry of this order;

Respondent is directed to pay the costs of this action in the amount of $34.15;

Pursuant to SCR 3.390, the respondent shall, within ten (10) days from the date of the entry of this order, notify all clients in writing of his inability to represent them and to all courts in which he has matters pending, and furnish photostatic copies of said letters of notice to the director of the Kentucky Bar Association.

All concur, except REYNOLDS, J., not sitting.

/s/ Robert F. Stephens
Chief Justice